# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVEN D. KIDERLEN, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | No. 1:08CV138 LMB |
| ) | |
| DIVISION OF ADULT ) | |
| INSTITUTIONS, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] Upon review of the complaint, the Court finds that it does not comply with the Federal Rules of Civil Procedure. The Court will therefore order plaintiff to file an amended complaint.

### Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

---

[1] The Court previously ordered plaintiff to pay the initial partial filing fee before it would review the complaint. Plaintiff has indicated that he has no funds to pay the initial fee. As a result, the Court will review the complaint regardless of plaintiff's failure to pay. See 28 U.S.C. § 1915(b)(4).

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## Discussion

Plaintiff's complaint consists of twenty-one pages of rambling allegations against forty-two defendants. The claims are, for the most part, unrelated from one another, and they span more than a year in time. Additionally, plaintiff attempts to bring unrelated claims against unrelated defendants. For example, plaintiff alleges in one claim that employees of Farmington Correctional Center ("FCC") stole his property in March 2007. In another claim, plaintiff alleges that employees of Southeast Correctional Center ("SECC") violated his First Amendment religious rights in August

2008. The complaint is drafted in a confusingly incoherent manner, with no clear separation between the claims.

The Federal Rules of Civil Procedure require parties to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are required to abide by the Federal Rules. E.g., Williams v. Harmon, No. 07-3800, 2008 WL 4331125 (8th Cir. 2008) (unpublished slip opinion); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir.1994).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement" of a plaintiff's claims. Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) provides that although no technical forms of pleadings are required, each claim shall be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 10(b) directs parties to separate their claims within their pleadings and provides that the contents of which shall be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10(b) further requires that where "doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . ." Id. Under Rule 20(a)(2), a plaintiff may join several persons as defendants in a single complaint if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The complaint fails to meet the requirements of Rules 8, 10, or 20. The complaint is not simple, concise, or direct, nor does it contain a short and plain statement of plaintiff's claims for relief. Claims founded on separate transactions and occurrences are not stated in separate counts. And plaintiff has attempted to join several defendants who are unconnected by any question of law or fact in the complaint.

Because plaintiff is pro se, the Court will allow plaintiff an opportunity to file an amended complaint that complies with the Federal Rules. Plaintiff shall have 30 days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff wishes to bring several unrelated claims against unrelated defendants, he must do so in separate complaints. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If plaintiff fails to file an amended complaint within 30 days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file an amended complaint no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Memorandum and Order, the Court will dismiss this action without prejudice.

Dated this 6th Day of November, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE